```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CORDELL TUCKER,

                        Plaintiff,
                                                                ORDER
        -against-                                               12-CV-4683 (JFB)(GRB)

VINCENT DEMARCO, Sheriff, in his individual
and official capacity, SGT. KURSEY (Jon Doe),
C/O DANIELL (Jane Doe), C/O JOHN DOE,
C.O. JOHN HENRY, Badge #1105, C.O. SEAN
LLOYD, Badge #1385, and SGT. TREANOR,

                        Defendants.
----------------------------------------------------------X
```
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 19 2014 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

Incarcerated plaintiff Cordell Tucker ("plaintiff") commenced this action *pro se* against the defendants on September 18, 2012. On January 29, 2014, the defendants filed a motion for summary judgment on the grounds that plaintiff had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The Court referred the motion to Magistrate Judge Gary R. Brown for a Report and Recommendation ("R&R"). Thereafter, the defendants filed a supplemental motion for summary judgment on May 22, 2014, in order to correct several procedural deficiencies in their original motion as identified by Judge Brown.

Judge Brown issued his R&R on August 1, 2014, recommending that the motion for summary judgment be granted in its entirety. The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R at 10.) The same paragraph noted that a copy of the R&R was mailed to plaintiff. (*Id.*) The docket also reflects that a copy of the R&R was mailed to plaintiff. The date for filing any objections has since expired, and plaintiff has not filed any objection to the R&R.

Where there are no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, the district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is nonjurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiff has not objected to the R&R, and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution and HEREBY ADOPTS the well-reasoned and thorough R&R in its entirety.

IT IS HEREBY ORDERED that the defendants' motion for summary judgment is granted. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

Joseph F. Bianco
United States District Judge

Dated: August 19, 2014
Central Islip, New York

2